**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                                         **CRIMINAL ACTION NO. 2:05 CR 33**
                                                                                                **(Maxwell)**

**JONATHAN E. RIFFLE,**

    **Defendant.**

## ORDER

By Order entered August 22, 2005, the Court referred any pre-trial motions to be filed on behalf of either the United States of America or the Defendant in the above-styled criminal action to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and authorized Magistrate Judge Kaull to conduct any necessary hearings in resolving said motions or in preparation for submission of proposed findings of fact and recommendation for disposition.

On September 29, 2005, Defendant Riffle's Motion To Suppress was filed in the above-styled criminal action (*See* Docket No. 14). In his Motion To Suppress, Defendant Jonathan E. Riffle moved the Court to suppress evidence seized by the West Virginia State Police following a March 16, 2005, search of a locked Sentry Safe located in the closet of the rear bathroom of the Defendant's residence. In support of his Motion To Suppress, the Defendant argued that the evidence seized by the West Virginia State Police following their search of the safe must be suppressed because the probable cause stated in the second search warrant lacked an evaluation of the veracity or basis of knowledge for the hearsay tips upon which the West Virginia State Police's desire to search the safe was based.

The docket in the above-styled criminal action reflects that a hearing on Defendant Riffle's Motion To Suppress was conducted by United States Magistrate Judge John S. Kaull on October 11, 2005.

Thereafter, on October 14, 2005, Magistrate Judge Kaull entered a Report And Recommendation/Opinion wherein he recommended that the Court deny Defendant Riffle's Motion To Suppress.

Magistrate Judge Kaull's Report And Recommendation/Opinion advised the parties, pursuant to 28 U.S.C. § 636(b)(1), that any objections to said Report And Recommendation/Opinion which were not filed, in writing, with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation/Opinion would be waived.

The docket in the above-styled criminal action reflects that no objections to Magistrate Judge Kaull's Report And Recommendation/Opinion have been filed.

Upon consideration of said Report and Recommendation/Opinion, and having received no written objections thereto[1], the Court accepts and approves the Report And Recommendation/Opinion. Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation/Opinion (Docket No. 20) be, and is hereby, **ACCEPTED** in whole. It is further

**ORDERED** that Defendant Riffle's Motion To Suppress (Docket No. 14) be, and the same hereby is, **DENIED** in accordance with the recommendation of United States Magistrate Judge John S. Kaull.

The Clerk of Court is directed to transmit copies of this Order to counsel of record in the above-styled criminal action.

**ENTER:** November ___1___, 2005

                                          **/S/ Robert E. Maxwell**
                                            United States District Judge

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).